UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MICHAEL SOLOMON, | CASE NO. C25-1068JLR |
| Plaintiff, | ORDER |
| v. | |
| WELLS FARGO BANK, N.A., | |
| Defendant. | |

## I.   INTRODUCTION

Before the court is Defendant Wells Fargo Bank, N.A.'s ("Wells Fargo") motion seeking an extension of time to respond to *pro se* Plaintiff Michael Solomon's complaint. (Mot. (Dkt. # 4); *see also* Compl. (Dkt. # 1-1).)  To ensure the "just, speedy, and inexpensive determination" of this action, the court exercises its discretion to decide this motion before its noting date.  Fed. R. Civ. P. 1.  The court has reviewed Wells Fargo's motion, the relevant portions of the record, and the governing law.  Being fully advised, the court GRANTS Wells Fargo's motion.

## II. BACKGROUND AND ANALYSIS

In or around 2021, Mr. Solomon entered into a mortgage loan agreement with Wells Fargo in connection with the purchase of his property in the State of Washington. (Compl. ¶¶ 5-6.) As part of this agreement, Wells Fargo maintained an escrow account for Mr. Solomon, through which it paid property taxes and homeowner's insurance premiums on the property. (*See id.* ¶¶ 11-13, 17.)

As is relevant here, Mr. Solomon alleges that between 2021 and 2025, Wells Fargo "affirmatively represented" "by account statements and otherwise" that it had paid the property taxes on his property with the funds held in his escrow account. (*Id.* ¶ 35.) Mr. Solomon further alleges that on or about January 10, 2025, however, Wells Fargo sent him a letter stating that it had not paid his property taxes during those four years. (*Id.* ¶ 37.) Mr. Solomon alleges that Wells Fargo made "several false, deceptive, and misleading" statements in that letter and improperly raised Mr. Solomon's monthly mortgage payments. (*Id.* ¶¶ 38-39, 41.) Mr. Solomon also states that Wells Fargo informed him that it "paid to bring [his property taxes] current on [his] behalf." (*Id.* ¶ 39.) Mr. Solomon alleges that, on that same date, a representative of Wells Fargo told him that Wells Fargo had failed to pay his property taxes and had used the funds in Mr. Solomon's escrow account to pay the taxes for a different property. (*Id.* ¶¶ 45-46.) Mr. Solomon incurred penalties as a result of the failure to pay his property taxes. (*See id.* ¶ 47.)

In its motion, Wells Fargo states that it "inadvertently paid property taxes for a different property between 2021 and 2024" because the purchase and sale documents and

King County's property records contained the incorrect parcel number for Mr. Solomon's property. (Mot. at 1.) Wells Fargo asserts that it has since paid the property taxes for Mr. Solomon's property, restored Mr. Solomon's escrow account with the funds paid toward the incorrect property's taxes, and paid the penalties Mr. Solomon incurred for the late payment. (*Id.* at 1-2.)

In or around May 2025, Mr. Solomon commenced an action against Wells Fargo in King County Superior Court, alleging claims for breach of contract, breach of the implied duty of good faith, breach of fiduciary duty, violation of the Washington Consumer Protection Act, violation of the Real Estate Settlement Procedures Act, and seeking declaratory judgment. (Compl. ¶¶ 98-143.) Wells Fargo states that on May 8, 2025, Mr. Solomon "purportedly serv[ed][,]" but did not file, the summons and complaint on Wells Fargo. (Mot. at 1-2.) On June 6, 2025, Wells Fargo removed the action to this district. (Removal Not. (Dkt. # 1).)

Under Federal Rule of Civil Procedure 81(c)(2), Wells Fargo's deadline to answer or otherwise respond to Mr. Solomon's complaint is June 13, 2025. Fed. R. Civ. P. 81(c). In its motion, Wells Fargo seeks a two-week extension of this deadline to June 27, 2025. (Mot. at 2, 4.) Wells Fargo represents that Mr. Solomon agreed to extend Wells Fargo's deadline to "answer" the complaint, but declined to agree to extend Wells Fargo's deadline to move to dismiss the complaint, should Wells Fargo decide to do so. (*Id.* at 2.)

Under Federal Rule of Civil Procedure 6(b)(1)(A), courts have discretion to extend deadlines upon a showing of "good cause" if the extension request is made before the deadline passes. Fed. R. Civ. P. 6(b)(1)(A). The "good cause" standard is a "non-

ORDER - 3

rigorous standard that has been construed broadly across procedural and statutory contexts." *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1259 (9th Cir. 2010). Requests for extensions of time under the good cause standard are "normally . . . granted in the absence of bad faith on the part of the party seeking relief or prejudice to the adverse party." *Young v. Pena*, No. C18-1007JLR, 2019 WL 461161, at *1 (W.D. Wash. Feb. 6, 2019) (citation omitted).

Here, the court concludes that Wells Fargo has demonstrated good cause for the requested extension of time. Wells Fargo states that the parties are currently discussing potential resolution of this matter and that Wells Fargo is "hopeful that a resolution will be reached soon that will include dismissal" of Mr. Solomon's complaint. (Mot. at 3.) Wells Fargo further represents that if resolution is not possible, Wells Fargo will require more time to investigate and respond to Mr. Solomon's six causes of action. (*Id.*) Having reviewed the motion and the case record, the court finds no bad faith by Wells Fargo in seeking the requested extension. Additionally, because this case is in its early stages, extending Wells Fargo's deadline to answer the complaint by two weeks will not prejudice Mr. Solomon. Accordingly, the court concludes that the requested extension is appropriate.[1]

---

[1] The court notes that under the local rules of this district, motions for relief from a deadline should "whenever possible, be filed sufficiently in advance of the deadline to allow the court to rule on the motion prior to the deadline." Local Rules W.D. Wash. LCR 7(j). Wells Fargo filed this motion in the evening of June 11, 2025—two days before the June 13, 2025 deadline for filing its answer or response—and noted the motion for June 30, 2025. (*See* Mot.) In the future, Wells Fargo "should not assume that [its] motion will be granted" and must file motions for relief from a deadline as soon as possible in advance of the deadline.

ORDER - 4

### III. CONCLUSION

Based on the foregoing, the court GRANTS Wells Fargo's motion seeking an extension of the deadline to answer or respond to Mr. Solomon's complaint to **June 27, 2025** (Dkt. # 4).

Dated this 12th day of June, 2025.

JAMES L. ROBART
United States District Judge